UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

UNITED STATES OF AMERICA,

      Plaintiff,

v.          Case No. 07-CR-305

RODNEY VANCE JOHNSON,

      Defendant.

ORDER DENYING THE GOVERNMENT'S REQUEST
FOR RESTITUTION (DOC. # 25)

On August 27, 2010, the court held a sentencing hearing and defendant pleaded to and was adjudged guilty of Trafficking in Counterfeit Goods/Services in violation of 18 U.S.C. § 2320(a) and 2. Judgment was entered on September 3, 2010. Defendant was sentenced to 3 years of supervised release with the first 60 days served on home confinement. At the sentencing hearing the court reserved the issue of restitution to be determined at a later time. On December 29, 2010, the government submitted a letter in support of restitution. Defendant submitted a letter in opposition to restitution on January 26, 2011. The matter is fully briefed and ready for the court to rule.

The government and the victim in this case, the Recording Industry Association of America ("RIAA"), are seeking an order of restitution in the amount of $33,015.29, pursuant to the Mandatory Victims Restitution Act ("MVRA"), codified at 18 U.S.C. § 3663A. This sum represents what RIAA estimates as the wholesale value of the infringing music product found in defendant's possession (4,081 fraudulent CDs), multiplied by the wholesale value at the time of the seizure or $8.09 per CD. The government and

RIAA submit that restitution is proper in this case even though the offending goods were seized and never in the stream of commerce. They cite *United States v. Milstein*, 481 F.3d 132 (2d Cir. 2007) for the proposition that lost CD sales by RIAA members are an appropriate measure of restitution in criminal cases involving misappropriation of intellectual property.

Defendant counters arguing that restitution is relegated to the amount of actual loss that the government can prove. He notes that the Seventh Circuit has not addressed the issue of actual loss under the MVRA in an infringement case, but other circuits have. Those circuits have ruled that restitution should only be awarded where there is actual loss caused by defendant. The cases cited by defendant include: *United States v. Chalupnik*, 514 F.3d 748, 754-55 (8th Cir. 2008); *United States v. Hudson*, 483 F.3d 707, 710 (10th Cir. 2007); *United States v. Beydoun*, 469 F.3d 102, 107-08 (5th Cir. 2006); *see also United States v. Adams*, 19 Fed. App'x 33 (4th Cir. 2001) (per curiam) (unpublished).

After reviewing the aforementioned authorities, the court finds that defendant has the better of the argument and that a restitution order is not appropriate in this case because the government concedes that RIAA did not sustain an actual loss traceable to the seized infringing CD's. The CD's were never in the stream of commerce. *See* Doc. # 25 at 2. The *Chalupnik*, *Hudson*, and *Beydoun* cases demonstrate rather forcefully that the MVRA requires actual loss. *See, e.g., Chalupnik*, 514 F.3d at 754 ("Restitution to MVRA victims 'must be based on the amount of loss *actually caused* by the defendant's offense.'") (citation and quotation omitted) (emphasis in original); *Hudson*, 483 F.3d at 710

2

("A restitution order must be based on actual loss, 'which the government bears the burden of proving.'") (citation omitted); *Beydoun*, 469 F.3d at 107 ("The government's proof was sufficient to establish a violation of the trafficking statute and support a sentence enhancement, but it was insufficient to establish that the actions caused the victims an actual loss.") (citations omitted).

The Tenth Circuit relied in part on the reasoning in the Fourth Circuit's unpublished opinion in *Adams*. All of these cases interpreted the MVRA in a criminal intellectual property prosecution and concluded that actual loss was required for issuance of an order restitution. The Fourth, Fifth, Eighth, and Tenth circuits reversed and remanded or vacated the respective district courts' restitution orders under the MVRA because the government failed to prove actual loss. This court has no reason to believe that the Seventh Circuit would rule differently on the point.

The government's and RIAA's reliance on the holding in the *Milstein* case is inapropos and easily distinguishable. The Second Circuit analyzed a district court's restitution order in a criminal prosecution for violation of trademark laws consistent with a different statute than the MVRA. The court reviewed the legislative history and Congress's intent regarding the Victim and Witness Protection Act of 1982 or VWPA, codified at 18 U.S.C. § 3663 et seq. The MVRA, in contrast, is a completely different statute, codified at 18 U.S.C. § 3663A et seq.

The defendant in *Milstein* was convicted after a jury trial, among other things, of fraudulently distributing misbranded drugs in interstate commerce, knowingly distributing wholesale prescription drugs in interstate commerce without a required state license, all

in violation of various federal statutes. *See Milstein*, 481 F.3d at 133-34. The Second Circuit affirmed the district court's restitution order and held that the standard measure for determining the value to the victim of infringed trademarks was the victim's lost sales. *Id.* at 137. Thus, the *Milstein* defendant had clearly delivered various infringing products into the stream of commerce, unlike defendant here. As the Tenth Circuit observed, the purpose of restitution "is not to punish defendants or to provide a windfall for crime victims but rather to ensure that victims, to the greatest extent possible, are made whole for their losses." *Hudson*, 483 F.3d at 710. Consequently,

IT IS ORDERED that the government's request for restitution in this matter is denied.

Dated at Milwaukee, Wisconsin, this 10th day of May, 2011.

BY THE COURT

/s/ C. N. Clevert, Jr.
C. N. CLEVERT, JR.
CHIEF U. S. DISTRICT JUDGE